Mr. Anthony A. Garganese Attorney for the City of Cocoa Post Office Box 1807 Cocoa, Florida 32923-1807
Dear Mr. Garganese:
You ask substantially the following question:
Does section 112.533(3), Florida Statutes, prohibit a chief of police from discussing with and disclosing to the city manager information obtained in an active internal investigation of a law enforcement officer?
In sum:
Section 112.533(3), Florida Statutes, permits a chief of police to discuss with and disclose to the city manager information obtained in an active internal investigation of a law enforcement officer, if the policy of the local law enforcement agency conducting the internal investigation authorizes such disclosure. However, any individual who receives information obtained as a result of the investigation would be bound by the confidentiality provisions contained in section 112.533, Florida Statutes.
According to your letter, the City of Cocoa operates under a city manager form of government, where the city manager is the head of the administrative branch of city government. The chief of the city's police department serves at the will of the city manager. You indicate that the city manager has the authority to cause the affairs of any department or the conduct of any officer or employee under his jurisdiction to be investigated. In this instance, the city manager wishes to participate in an internal investigation of a complaint against several law enforcement officers serving in the city's police department.
The Law Enforcement Officers' Bill of Rights contained in Part VI, Chapter 112, Florida Statutes, sets forth the procedure to be used in conducting an internal investigation of complaints against law enforcement officers employed by a law enforcement agency. Section112.533, Florida Statutes, requires every law enforcement agency to establish a system for the receipt, investigation, and determination of complaints received by the agency from any person. Subsection (2)(a) of the statute states in part:
"A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head's designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either:
1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or
2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges."[1]
In Attorney General Opinion 75-41, this office concluded that "agency," as that term is used in the Law Enforcement Officers' Bill of Rights, refers to the particular law enforcement agency for which the officer works and not to the municipality that employs the officer. It is the law enforcement agency, therefore, not the employing governing body or administrator, that establishes the system for investigating complaints against law enforcement officers.
The provisions of section 112.533, Florida Statutes, operate to maintain the confidentiality of information obtained pursuant to the agency's investigation. As this office has previously stated, however, nothing in Part VI, Chapter 112, Florida Statutes, dictates who may conduct or participate in an internal investigation of a law enforcement officer. Rather, it is the policy of the local law enforcement agency conducting the internal investigation that controls who may participate in the investigation.[2]
Accordingly, section 112.533(3), Florida Statutes, does not prohibit a chief of police from discussing with and disclosing to the city's manager information obtained in an active internal investigation of a law enforcement officer if the agency's complaint system authorizes such a disclosure. The policy of the local law enforcement agency conducting the internal investigation controls who may be involved in the investigation. However, any individual who receives information obtained as a result of the investigation would be bound by the confidentiality provisions contained in section 112.533, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 112.533(2)(a), Fla. Stat. (1996 Supp.).
[2] See, Inf. Op. to Mr. John Dellagloria, North Miami City Attorney, dated July 2, 1997.